UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VICTOR CONTRERAS,

                        **Plaintiff,**

  vs.
                                                9:23-CV-01120
                                                (MAD/MJK)

DERRICK O'MEARA, *et. al.,*

                        **Defendants.**
_____

APPEARANCES:                                     OF COUNSEL:

**VICTOR CONTRERAS**
16-00 Hazen Street
East Elmherst, New York 11370
Plaintiff, *pro se*

**SCHMITT & LASCURETTES, LLC**          **WILLIAM P. SCHMITT, ESQ.**
1508 Genesee Street, Suite 3
Utica, New York 13502
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

     Plaintiff Victor Contreras commenced this action against Defendant Ciulla and three other defendants on September 1, 2023, alleging excessive force, failure to intervene, deliberate indifference to medical needs, and retaliation pursuant to 42 U.S.C. § 1983.[1] *See* Dkt. No. 1. Plaintiff filed an amended complaint on September 8, 2023. *See* Dkt. No. 5. On September 20, 2023, this Court dismissed each of Plaintiff's claims aside from Plaintiff's excessive force, failure

---

[1] The docket reflects Defendant's name as "Civilla," however, Defendant's submissions show his name is spelled "Ciulla." *See* Dkt. No. 36-4. The Court will, therefore, use the spelling "Ciulla."

1

to intervene, and retaliation claims against Defendant Ciulla. *See* Dkt. No. 8. Plaintiff seeks $180,000 in damages. *See* Dkt. No. 5 at 7. On December 27, 2024, Defendant moved for summary judgment. *See* Dkt. No. 36. On May 8, 2025, Magistrate Judge Mitchell J. Katz issued a Report-Recommendation, recommending that this Court grant Defendant's motion. *See* Dkt. No. 46 at 2. As set forth below, this Court adopts Magistrate Judge Katz's Report-Recommendation in its entirety and grants Defendant's motion for summary judgment.

## II. BACKGROUND

The Court assumes the parties' familiarity with the relevant factual background in this matter, and adopts the factual recitation contained in Magistrate Judge Katz's May 8, 2025, Report-Recommendation to the extent consistent with the record. *See* Dkt. No. 46.

## III. DISCUSSION

**A.    Review of Report-Recommendation**

When reviewing a magistrate judge's report-recommendation and order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The Court reviews *de novo* those findings and recommendations in a magistrate judge's report-recommendation to which a party has filed timely objections and for clear error those parts of the report-recommendation to which a party does not object." *Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003). When an objection to a report-recommendation "merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge," the court reviews the challenged portion of the report-recommendation under a clear error standard. *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015). Portions of a report-recommendation to which there has been no objection are also subject to clear error review. *Id.*

In his notably brief objection, Plaintiff restates his allegation that he was subjected to excessive force and emphasizes that the events giving rise to this case were captured on video. *See* Dkt. No. 47 at 1. Both of these assertions were made in Plaintiff's amended complaint. *See* Dkt. No. 5 at 2, 4. Because Plaintiff's objections do no more than echo the allegations found in his amended complaint, the Report-Recommendation, in its entirety, is subject to clear-error review.

**B.    Summary Judgment Standard**

Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the district court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The presence of a "scintilla of evidence in support" of the non-movant's position is not enough to defeat summary judgment; the record must contain "evidence on which the jury could reasonably find" for the non-movant. *Id.* at 252. When making this determination, the evidence must be viewed "in the light most favorable" to the party opposing summary judgment. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and quotation omitted).

**C.    Plaintiff's Failure to Respond**

The Second Circuit has advised that, although courts must "make reasonable allowances" for the protection of *pro se* litigants, litigants proceeding *pro se* must still follow "the procedural requirements of summary judgment." *Walker v. Artus*, 998 F. Supp. 2d 18, 25 (N.D.N.Y. 2014) (citing *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007)); *see Lee v. Coughlin*, 902

F. Supp. 424, 429 (S.D.N.Y. 1995) ("[A] *pro se* party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment") (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Local Rule 7.1(a)(3) requires a nonmovant to respond to the moving party's Statement of Material Facts. *See LaFever v. Clarke*, 525 F. Supp. 3d 305, 320 (N.D.N.Y. 2021). In a proper response to a movant's Statement of Material Facts, the nonmovant must "admit[] and/or deny[] each of the movant's assertions in a short and concise statement" and include "a specific citation to the record where [each] factual issue arises." *Id.* (quoting *Crawley v. City of Syracuse*, 496 F. Supp. 3d 718, 724 (N.D.N.Y. 2020)) (internal quotation marks omitted). When a non-movant fails to respond to a motion for summary judgment, "a district court has no duty to perform an independent review of the record to find proof of a factual dispute—even if that non-movant is proceeding *pro se*." *Rickenbacker v. Kelly*, No. 9:22-CV-0541, 2023 WL 4286037, *2 (N.D.N.Y. June 30, 2023) (citing *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 2009)). A litigant proceeding *pro se* must be "specifically advised of the possible consequences of failing to respond to the motion." *Ayers v. Scarlotta*, No. 9:20-CV-51, 2021 WL 1575938, *2 (N.D.N.Y. Apr. 22, 2021) (citing *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)), *report and recommendation adopted*, 2021 WL 2211015 (N.D.N.Y. June 1, 2021). Failure to respond to the movant's Statement of Material Facts has two considerable consequences for the non-movant: first, "the facts in the movant's statement to which the plaintiff has not properly responded will be accepted as true . . . to the extent that they are supported by evidence in the record." *Id.* Second, the movant's summary judgment motion is considered unopposed. *See id.* at *3.

Plaintiff was notified of the consequences of failure to respond to Defendant's summary judgment motion. *See* Dkt. No. 36 at 3. Plaintiff did not respond to the motion. *See* Dkt. No. 40

4

at 1. As such, the Court finds no clear error in Magistrate Judge Katz's recommendation that the assertions from Defendant's Statement of Material Facts be accepted as true where they are supported by the record, as Defendant's motion is unopposed and Plaintiff failed to comply with Local Rules 7.1(a) and 56.1.

**D.     Plaintiff's Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). When bringing a claim subject to the PLRA, an incarcerated individual must comply with their correctional facility's grievance procedures to "properly exhaust" administrative remedies. *Jones v. Block*, 549 U.S. 199, 218 (2007). The Second Circuit "[has] explained that the 'failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement.'" *Moore v. Booth*, 122 F.4th 62, 68 (2d Cir. 2024) (quoting *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)).

An administrative remedy must be exhausted by an inmate before bringing suit only when that remedy is "available" to the inmate. *See Riles v. Buchanan*, 656 Fed. Appx. 577, 580 (2d Cir. 2016). An administrative remedy is considered unavailable when it is, *inter alia*, "so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake*, 578 U.S. 632, 643 (2016). Such incapability of use is found when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. Once the defendant establishes the existence of a grievance procedure available to and unused by the plaintiff, the burden shifts to the plaintiff to establish "*de facto* unavailability" of the grievance procedure. *Saeli v. Chautauqua Cnty.*, 36

5

F.4th 445, 453 (2d Cir. 2022) (citing *Hubbs v. Suffolk Cnty. Sherrif's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015)).

The Court finds no clear error in Magistrate Judge Katz's recommendation that Defendant's motion for summary judgment be granted because Plaintiff failed to exhaust his administrative remedies. Plaintiff did not submit a grievance form, *see* Dkt. No. 36-5 at ¶ 6, and Defendant's Statement of Material Facts, supported by an affidavit by Defendant, asserts that Plaintiff never requested a grievance form. *See* Dkt. No. 36-2 at ¶¶ 21-22; Dkt. No. 36-4 at ¶ 5. Because Plaintiff failed to respond to Defendant's motion for summary judgment, and no allegations in Plaintiff's verified amended complaint controvert these facts, this assertion is accepted as true. *See Ayers*, 2021 WL 1575938, at *2. The Inmate Handbook provides some guidance surrounding administrative review of grievance forms, but does not clarify how an inmate at O.C.C.F. can obtain a grievance form. *See* Dkt. No. 36-13 at 37. Despite not being spelled out in the handbook, grievance forms are available to inmates upon a request to any officer or administrator at O.C.C.F. *See* Dkt. No. 36-4 at ¶ 5. Additionally, inmates can access grievance forms through their tablets. *See* Dkt. No. 36-5 at ¶ 4. Magistrate Judge Katz correctly noted that, despite the presence of various channels through which Plaintiff could have accessed a grievance form, he failed to submit one. *See* Dkt. No. 46 at 11. Indeed, nowhere in his amended complaint does Plaintiff allege he requested or submitted a grievance form. *See, generally,* Dkt. No. 5. As such, the Court finds no clear error in Magistrate Judge Katz's conclusion that Plaintiff failed to exhaust administrative remedies before commencing this action, *see* Dkt. No. 46 at 11, and that Defendant's motion for summary judgment should, therefore, be granted.[2]

---

[2] Although Plaintiff's failure to exhaust his administrative remedies is sufficient to grant summary judgment, the Court also reviews Magistrate Judge Katz's recommendation that the claims against Defendant are subject to dismissal on the merits.

E.  **Plaintiff's Excessive Force Claim**

To succeed on an excessive force claim, Plaintiff must show that "officials applied force 'maliciously and sadistically for the very purpose of causing harm,'" or "with a 'knowing willingness that [harm will] occur.'" *Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). On the other hand, force used "in a good-faith effort to maintain or restore discipline" is permissible. *Hudson*, 503 U.S. at 7.

Because Plaintiff failed to respond to Defendant's Statement of Material Facts and motion for summary judgment, Defendant's assertion in his Statement of Material Facts that his use of pepper spray was in response to Plaintiff assuming a "fighting stance" is accepted as true. *See* Dkt. No. 36-2 at ¶ 9. Therefore, the Court finds no clear error in Magistrate Judge Katz's conclusion that Defendant used pepper spray in a permissible manner to restore order. *See* Dkt. No. 46 at 15.

In addition to the use of pepper spray, Plaintiff alleges in his amended complaint that Defendant punched him after spraying him with pepper spray. *See* Dkt. No. 5 at 3. However, because Plaintiff failed to respond, the summary judgment record contains no evidence to support this allegation. Additionally, the Incident Supplemental Report prepared by the nurse who saw Plaintiff after the events in question noted that Plaintiff expressed "no complaints other than his eyes were burning from being sprayed." Dkt. No. 36-15 at 12. The Court sees no clear error in Magistrate Judge Katz's recommendation that the Court refrain from addressing this allegation because it is not supported by the record. *See* Dkt. No. 46 at 15. As such, the Court finds no clear error in Magistrate Judge Katz's recommendation that summary judgment be granted on Plaintiff's excessive force claim. *See* Dkt. No. 46 at 12.

F.  **Plaintiff's Failure to Intervene Claim**

Plaintiff claims that Defendant failed to intervene when other officers allegedly used excessive force against him on August 18, 2023.  The crux of a failure to intervene claim has been described as follows: "[a] corrections worker who, though not participating, is present while an assault upon an inmate occurs may nonetheless bear responsibility for any resulting constitutional deprivation."  *Lewis v. Mollette*, 752 F. Supp. 2d 233, 244 (N.D.N.Y. 2010) (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).  To succeed on his failure to intervene claim, Plaintiff must first show the use of excessive force by someone other than Defendant.  *See id*.  Here, Plaintiff failed to sufficiently allege excessive force by other corrections officers, as noted in this Court's Decision and Order dismissing Plaintiff's excessive force claims against defendants other than Ciulla. *See* Dkt. No. 8 at 2-3.  Thus, this Court finds no clear error in Magistrate Judge Katz's recommendation that this Court grant summary judgment on Plaintiff's failure to intervene claim. *See* Dkt. No. 46 at 18.

**G.     Plaintiff's Retaliation Claim**

Plaintiff alleges that the force used against him by Defendant on August 18, 2023, constituted retaliation for Plaintiff's request to speak with a mental health provider.  *See* Dkt. No. 46 at 1.  To succeed on a retaliation claim brought pursuant to § 1983, Plaintiff must show: "(1) that the disciplined conduct was constitutionally protected, and (2) that his punishment was motivated, in whole or in part, by his conduct."  *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996).

In Defendant's Statement of Material Facts, which is accepted as true, Defendant asserts that he utilized pepper spray only after Plaintiff refused to comply with orders and "assumed a fighting stance."  *See* Dkt. No. 36-2 at ¶ 9.  Plaintiff claims that he was pepper sprayed by Defendant "because [he] wanted to talk to Mental Health," *see* Dkt. No. 5 at 2, but the only

factual allegation made in Plaintiff's amended complaint to support this retaliation claim is that Defendant verbally denied Plaintiff's request to speak to Mental Health prior to pepper spraying Plaintiff. *See id.* As noted above, the factual support offered by Defendant contradicts Plaintiff's deficient allegation of retaliation completely. The Court finds no clear error in Magistrate Judge Katz's recommendation that this Court grant summary judgment on Plaintiff's retaliation claim because Plaintiff's allegation is insufficient. *See* Dkt. No. 46 at 19.

## IV. CONCLUSION

After carefully reviewing Magistrate Judge Katz's Report-Recommendation, the parties' submissions, and the applicable law, this Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 46) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 36) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 9, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge